Filed 3/24/15  P. v. Sanders CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064749 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD222861) |
| STEPHEN CHARLES SANDERS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In July 2012, a jury found Stephen Charles Sanders guilty of robbery with personal use of a knife (Pen. Code, §§ 211, 12022, subd. (b)(1); count 1; all further statutory references are to the Penal Code) and assault with a deadly weapon (§ 245,

subd. (a); count 2; both counts with gang (§ 186.22, subd. (b)(1)) enhancements. At the People's request, the court struck one count out-on-bail enhancement as to each count (§ 12022.1, subd. (b)) and in August, the court found true the remaining two bail enhancements as to each count. In June 2013, Sanders entered a negotiated guilty plea in case No. SCD235740 (Court of Appeal No. D064743); that plea bargain provided, as to that case, the instant case and three other cases, for a stipulated 25-year sentence and waiver of the right to appeal. In September, the court sentenced Sanders to 25 years in prison, including, in the instant case, on count 1, one year (one third the middle term) with three years four months (one third of the term) for the gang enhancement; on count 2, stayed (§ 654) terms for assault with the gang enhancement. The court struck the punishment on the remaining bail enhancements and the knife enhancement. Sanders appeals. We affirm.

## BACKGROUND

Sanders was president of a Hells Angels chapter. Nicholas Stone was a member of Hell's Twentyone, whose members associated with the Hells Angels. On September 14, 2009, Sanders was driving his truck on the freeway. Stone, riding a motorcycle, was on his way home after a cancer treatment. The two got into an argument. Sanders waved at Stone to get him to pull over. They pulled into a parking lot to settle their argument. Sanders yelled at Stone to take off his leather jacket. The two began to fight. Stone fell to the ground, his face bleeding. Sanders grabbed Stone by the hair, held a knife to Stone's throat and threatened to kill him unless Stone gave Sanders his jacket. Sanders took Stone's jacket and walked back to the truck. A bystander yelled that someone had a

2

knife, alerting a nearby police officer. The officer saw Sanders walking toward his truck and Stone sitting on a curb about 10 feet from Sanders. Stone had a laceration on his nose and blood all over his face. The officer yelled at Sanders to get his attention. Sanders looked back at the officer, then began running toward the driver's door of his truck. The officer ordered Sanders to stop and pointed his gun at Sanders. Sanders got in his truck, started it and began backing up as the officer continued to yell at Sanders to stop. A witness stood behind the truck to block Sanders. Sanders eventually stopped and obeyed the officer's orders to get out and sit on the curb. Other officers arrived. Sanders gave them permission to search his truck. The officers found Stone's knife on the passenger seat and Stone's jacket in the truck bed.

### DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel lists, as a possible, but not arguable, issue, whether the waiver of appellate rights was knowing, intelligent and voluntary.

We granted Sanders permission to file a brief on his own behalf. He has done so and raises contentions regarding the court's reference to the Hells Angels as a gang during jury selection. This occurred before Sanders's June 2013 plea agreement in case No. SCD235740, in which he waived his right to appeal in the instant case. (We grant Sanders's request for judicial notice of the record in Court of Appeal No. D064743.) The

3

waiver was knowing, intelligent and voluntary.  Sanders is thus precluded from raising the above issue on appeal.

A review of the record pursuant to *Wende* and *Anders*, including the possible issue listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issue.  Sanders has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.


McINTYRE, J.

WE CONCUR:


NARES, Acting P. J.


AARON, J.

4